### PEOPLE ex rel. PROSPECT PARK & C. I. R. CO. et al. v. BOARD OF ASSESSORS OF TOWN OF GRAVESEND et al.

### PEOPLE ex rel. BRIGHTON PIER & NAV. CO. v. SAME.

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

1. CERTIORARI—WHEN LIES—TO REVIEW ASSESSMENT.

> A case for review by *certiorari* is made by a petition alleging that a sewer has been constructed under a certain statute which exempts petitioner's property from assessment therefor, and which provides for a review by *certiorari* of any such assessment, as prescribed by Laws N. Y. 1880, c. 269; that the board of health and supervisor have delivered papers addressed to the board of supervisors certifying that all the lands in a certain district are benefited by the sewer, and estimating

the amount to be assessed therefor on the lands shown in a certain map, which district and map include petitioner's property; that such board and officer have so proceeded as illegally to subject petitioner's property to a charge for the sewer, and the board of supervisors are about to lay a tax thereon; that the estimate exceeds the fair cost of the sewer; that the valuation of petitioner's property is excessive; and that the assessment roll for the property has been completed, and returned within 15 days.

2. SAME—OPINION OF REFEREE—HARMLESS ERROR.

On *certiorari* to review an assessment under Laws N. Y. 1880, c. 269, as amended by Laws 1887, cc. 342, 662, a provision in an order appointing a referee to take and report testimony, requiring him to report his opinion on the testimony, if unnecessary, is harmless.

Appeals from special term, Kings county.

Writs of *certiorari* to the board of assessors of the town of Gravesend and others to review an assessment.   One of the writs was granted on the relation of the Prospect Park & Coney Island Railroad Company and the New York & Coney Island Railroad Company, and the other was granted on the relation of the Brighton Pier & Navigation Company.   The petitions are substantially the same, and the material parts of that of the latter company are as follows:   (1) That the Brighton Pier & Navigation Company and the Prospect Park & Coney Island Railroad Company are corporations.   (2) That the railroad company is the owner, and petitioner is the lessee, of certain land on Coney island, in school-district No. 6, in the town of Gravesend, and petitioner owns a pier thereon, and that the pier has been valued for taxation as petitioner's property at the sum of $60,000.   "(3) Acting, or purporting to act, under the authority of chapter 493 of the Laws of 1885, and of chapter 662 of the Laws of 1887, a sewer has been constructed on said Coney island and in said school-district number 6.   By the said act first above mentioned all property or lands owned, held, or possessed by the said railroad company for railroad or depot purposes were exempt from any assessment or charge for the said sewer constructed as aforesaid, in case the said railroad company should give and grant a right of way across the lands by it so held or possessed for the construction and maintenance of such sewer; and said railroad company, prior to the passage of the said act of 1887, had given such right of way, and by reason of the acts aforesaid all lands by it so held, possessed or occupied were exempt from any assessment or charge for the said sewer, either for the building or maintenance thereof.   Said chapter 662 of the Laws of 1887, among other things, contained the following:  ' Provided, however, that all buildings in or from which sewerage is necessary, together with the lands occupied by the same, situated upon lands owned, held, or possessed by the Prospect Park & Coney Island Railroad Company, shall be assessed and taxed in like manner as other similar property in the same sewer district shall be assessed and taxed for sewer purposes, and shall be entitled to the same privileges and benefits.   And the lands and premises owned, held, or possessed by the said company, and the structures thereon, shall be subject to no other assessment or tax for sewer purposes under this or any other act except as herein provided; but any tax or assessment herein provided to be charged against such lands and premises of said last-named company, and the structures thereon, may be reviewed by proceedings under chapter 269 of the Laws of 1880, and the necessity for sewerage for any such building shall be determined by the court on such review, so far as such necessity is necessary to the legality of any tax or assessment herein provided or any portion thereof.'   And such acts of the legislature also contain many other and various provisions affecting the matter herein referred to, reference to which is hereby respectfully made.   None of the said property of the petitioner herein, none of said pier or structure, has, or for more than four years last past has had, any need for sewerage, and sewerage has not been necessary in or from said structure, property, or pier, and no sewerage has been provided by the said town for said pier in any manner.   (4) Proceeding under said acts, the various

boards and officers of the town of Gravesend named in the papers hereto annexed as making such papers, respectively made and delivered, at the time or about the time said papers bear date respectively, to the officers or parties therein named as receiving them, papers, copies of which are hereto annexed. * * * And they also at the same time made and delivered a map showing the sewer districts therein referred to. Said district, as therein named and shown on said map, includes all property hereinbefore mentioned as belonging to the petitioner herein, and by reason of such certificate and proceedings the board and officers therein mentioned have so proceeded as illegally and contrary to the law and fact to subject all such property to have a charge illegally imposed thereon by the board of supervisors of the county of Kings for said sewer, amounting to very many thousands of dollars, and they have so done contrary to the protest of the petitioner, and after full information had been brought to them of the facts therein stated, and of the acts aforesaid. (5) And your petitioner is informed and believes that the board of supervisors are now about to proceed to lay a charge or tax on all said property of the petitioner, although the same is exempt by law from any such tax, charge, or assessment; and your petitioner so believes from many facts, and among others from the fact that they so did upon similar certificates and proceedings in the year 1887. (6) And the petitioner is greatly aggrieved and injured by the proceedings aforesaid, in that such certificates and proceedings fail to state that the property of your petitioners, for which sewerage is not necessary, is exempt from such tax and assessment, and, on the contrary, expressly state that it is subject to such taxes and assessments, and present all such property to the board of supervisors for the purpose of levying a tax thereon, although the same is exempt as aforesaid. And your petitioner further shows that it is further aggrieved in that the amount charged by the said town for the said sewer was greatly in excess of the fair cost, and greatly in excess of the value of the same, so that the amount to be charged illegally on the property exempt as aforesaid is greatly increased by reason of the amount charged for such sewer being in excess as aforesaid. And the valuations placed upon the said property of your petitioner is excessive and unequal in that it greatly exceeds the ratio on which the other property on the same roll is assessed, and the same were made so illegal and unjust by the proceedings of the board of assessors in the town of Gravesend; and your petitioner is informed and believes, and therefore alleges, that the assessment roll for said property was completed and returned within fifteen days last past. Wherefore your petitioner prays that a writ of *certiorari* may be allowed and directed to issue by this court, directed to the board of health in said petition referred to, and the members thereof, and to the supervisor of the town of Gravesend, and to the board of assessors of said town, and to the board of supervisors of the county of Kings, and to review," etc. Defendants appeal from an order denying motions to quash and dismiss the writs, and referring the case to take testimony.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Carpenter & Roderick,* for appellants. *Johnson & Lamb, (Jesse Johnson,* of counsel,) for respondents.

DYKMAN, J. These proceedings were instituted under chapter 269 of the Laws of 1880, as amended by chapter 342 of the Laws of 1887, and made applicable to these proceedings in behalf of the relators by chapter 662 of the Laws of 1887. The object and purpose of the relators are to secure a review and correction of an assessment for the construction of a sewer; and, after the return was made to the writ of *certiorari,* an order was made appointing a referee to take testimony upon the several matters put in issue by the petition, writ of *certiorari* and the returns thereto, and report such testimony to the court, with his opinion thereon. From that order the defendants have appealed, and we deem it necessary only to say in deciding this appeal that a

plain case is made for the judicial investigation contemplated and provided for by the several statutes under which the petitioners are proceeding. If it was unnecessary to incorporate in the order appealed from a provision for the opinion of the referee, the requirement is quite harmless, and can have no unfavorable effect upon the appellants. Upon the coming in of the report and the testimony the whole matter will be presented, and the court will be enabled to act in full view of all the facts, and make an intelligent disposition of the cases. The order appealed from should be affirmed, with $10 costs and disbursements in each case. All concur.